## Thomas Kempton, Appellant, &c.

The enactment in Revised Stat. *c.* 60, § 11, that if any provision be made for a widow in the will of her husband, she shall make her election whether she will take such provision or be endowed of his lands, unless &c., has no application to the case of a widow claiming, in addition to such provision, her third of personal property left undisposed of by the will.

Where a testator directed his executor to sell certain lands, and of the proceeds, after paying all demands in the settlement of his estate, to pay one fourth part to his widow, and he left also personal property not disposed of by the will, it was *held*, that inasmuch as the widow would by law be entitled to intestate personal property in the proportion of one third, and under the will, to the proceeds of the lands, in the proportion of one fourth only, she had a right to appear in the probate court and litigate the question whether the debts should be paid out of the intestate personal estate or out of the proceeds of the real estate.

The debts of such testator amounted to nearly $ 6000, the intestate personal property, to nearly $ 7000, and the value of the lands so directed to be sold, to nearly $ 3000. It was *held*, that he did not intend to postpone the application of the personal estate to the payment of debts until after the money to arise from the sale of the lands should have been applied to that purpose, but merely intended that no distribution of the proceeds of the real estate should be made until after all demands against his estate should have been settled.

THIS was an appeal from a decree of the judge of probate for the county of Bristol, disallowing the account of the appellant as executor of the last will of William W. Kempton

The will contains the following provision : " My will is and I do hereby order and direct, that my said brother Thomas shall sell and dispose of all the land which I own jointly with him, situated, &c., and also a lot on the west side, &c., as he shall deem expedient ; and from the proceeds of such sale or sales, after paying all demands in the settlement of my estate, he shall pay one fourth part to my widow, one fourth part to each of my daughters Sarah and Ann, or their guardians for their use, and the remaining fourth part to my daughter Harriet N. Burgess upon her receipt for the same and only upon her receipt." The testator also gave to the widow his furniture and certain lands in fee.

The executor charged himself with the personal estate, amounting to $ 6936·75, and prayed allowance of $ 5876·89, the amount of debts paid by him. The judge of probate, upon objections made by the widow, disallowed this last charge as not having been paid from the proper fund. From this decree

Kempton,
Appellant,
&c.

the executor appealed, 1. because the judge ought to have al lowed such charge as having been made out of the proper fund ; 2. because it was immaterial to the heirs at law from which fund the debts were paid, inasmuch as the widow had no claim upon the intestate property ; and 3. because the debts were in fact paid out of the proper fund as designated by the will.

At the time of making his will, the testator was indebted more than $5000, and was liable as indorser to a larger amount. His personal property consisted principally in notes due at subsequent periods. The land described in the foregoing clause of the will, was valued in the inventory at $2830, and at the time of executing the will no sale of it could have been made without a sacrifice from the appraised value ; and it has not been sold. The testator made no disposition of the personal property, and the amount of intestate property, after paying all uemands against his estate, will be $2500.

*Oct. 23d.*     *Coffin*, for the appellant.

*Ezra Bassett*, for the respondent, the widow of the testator

*Oct. 25th.*     PUTNAM J. delivered the opinion of the Court. The first question to be considered is, whether the respondent (the widow of the testator) had a right to litigate in the Probate Court, concerning the estate which was there under consideration.

The case finds that there will be intestate property to the amount of $2500, after paying all demands against the estate, exclusive of the land directed to be sold. Now the widow is by the will to have one fourth of the proceeds of the land ordered to be sold ; but she is by law entitled to have one third of the estate undisposed of, unless she is excluded from that share of the personal estate, by the provisions of the will.

It is contended for the appellant, that the widow is so excluded ; that the provisions of the will are to be taken as embracing all the interest that the testator intended she should have in his estate ; and that the case falls within the meaning of Revised Stat. *c.* 60, § 11. But this enactment relates to a claim of dower under certain circumstances, and the claim of the widow which was before the Probate Court and now here, relates to the share of the personal estate of which the testator died intestate.

The statute to which the appellant refers is, " that if any provision be made for a widow in the will of her husband, she shall, within six months after the probate of the will, make her election, whether she will take such provision, or be endowed of his lands ; but she shall not be entitled to both, unless it plainly appears, by the will, to have been the intention of the testator, that she should have such provision, in addition to her dower."

Now here is no claim for dower ; but the appellant contends, that it plainly appears from the will, and from the great value of the estates therein devised to the wife, that it was the intent of her husband to exclude her from taking any share in the distribution of the personal estate which she would be entitled to have if there were no will.

By the Revised Stat. c. 64, § 1, the personal estate remaining after the allowance to the widow of her ornaments, &c. shall be applied towards the payment of the debts of the intestate ; and if he leaves a widow and issue, she is to have one third part of the residue of the same. The testator did leave a widow and issue, and he has left a large personal estate undisposed of by the will. We do not think that there is any thing in the will which clearly shows that he intended to exclude his widow from claiming a distributive share in the personal estate which he should leave undisposed of. She would be entitled by law to claim one third of such residuum and to hold the same for her own use. She had an interest to increase that fund, by having the proceeds of the land ordered to be sold, applied towards the payment of the debts ; for by the will she has one fourth only of the proceeds remaining of the real estate which was ordered to be sold. She had therefore an interest to have the proceeds of the land (in which she was interested eventually one fourth), applied towards the payment of the debts, before the personal estate (in which she was eventually interested one third) should be so applied. The respondent had, therefore, a right to litigate in the Probate Court and obtain a decree favorable to her claim, if by law she were entitled to the same.

We proceed then to the second and main question ; which is, whether the testator intended that the proceeds of the land

which he directed to be sold, should be applied towards the payment of his debts, before the personal estate should be applied for that purpose.

The executor (the appellant) gave credit in his account for $ 6936·75, personal estate, and charged against that amount the debts which he had paid, amounting to $ 5876·89 ; but the judge of probate, on the application of the widow, (the respondent,) rejected that charge, on the ground that the proceeds of the land which the testator directed to be sold, should be first appropriated towards the payment of the debts. In the clause of the will directing the sale of certain real estate, it is said that, "from the proceeds of such sale or sales, after paying all demands in the settlement of his estate, the executor should pay one fourth part to his widow," &c. &c.

Now we do not think that the testator intended by his will to alter the rule of the law applicable to the appropriation of personal estate, before real estate, towards the payment of debts. He meant that no distribution of the proceeds of the real estate should be made, until after all demands against his estate should have been settled. We do not think that he intended to postpone the application of the personal estate until after the money to arise from the sale of the land ordered to be sold, should have been applied.

The provision in the will above referred to seems to us to be perfectly consistent with the usual and legal appropriation of the personal estate before the real estate for the payment of debts. If the personal was not sufficient, then the money to arise from the estates ordered to be sold was to be applied. He made no disposition of the personal estate. It was left to be applied according to the rules of the law.

If he had intended to have his debts paid out of his real estate, it would seem requisite that he should have expressed such intent, beyond reasonable doubt or question, as it would be entirely contrary to the well known rule of the law ; but this we think he has not done.

Wherefore the Court here doth order, that the decree of the judge of probate disallowing the account of the appellant, for the reasons therein assigned, be and hereby is reversed ; and the Court here doth further order and decree, that the personal

estate of the testator shall be applied towards the payment of the debts, before any recourse shall be had to the funds which may arise from the sale of the real estate which the testator in his will directed to be sold ; and that the case shall be remitted to the Probate Court for further proceedings there to be had conformable to this decree.